UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER CARTER, *et. al*<br>Plaintiffs<br><br>v.<br><br>SHERIFF OF COOK COUNTY, *et.al*<br>Defendants | No. 22 CV 1893<br><br>Judge Jeremy C. Daniel |

# ORDER

The defendants' motion to dismiss (R. 24) is granted.

# STATEMENT

The plaintiffs are individuals incarcerated at the Illinois Department of Corrections (IDOC) who were previously housed at the Cook County Jail. (R. 19 ¶ 3.) When each of the plaintiffs were transferred to IDOC from Cook County, their government-issued identification cards were not automatically transferred with them. (*Id.* ¶¶ 5-8) Instead, the Cook County Sheriff's Office maintains a policy requiring transferees to either donate any personal items collected upon their entry into the jail or designate someone to pick them up. (*Id.* ¶ 18; *see, e.g.*, R. 29-1 at 1.) Items that are not collected within at least forty-five days are destroyed. (R. 19 ¶ 20.) In their amended complaint, the plaintiffs allege that this policy and the destruction of their IDs denied them procedural and substantive due process and violated their Fourth and Fifth Amendment constitutional rights.[1] The defendants have moved to dismiss the amended complaint in its entirety. (R. 24.)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

---

[1] The Sheriff is sued only in his official capacity and Defendant Cook County is accordingly named as an indispensable party. *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003) ("[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity.").

First, the plaintiffs' Fourth Amendment claim must be dismissed because, as they concede, (R. 19 ¶ 21) their claim is foreclosed by Seventh Circuit precedent holding that there is no Fourth Amendment violation "if the seizure is reasonable when it occurs," *Kelley-Lomax v. City of Chi.*, 49 F.4th 1124, 1125 (7th Cir. 2022) (citing *Lee v. City of Chi.*, 330 F.3d 456, 460-66 (7th Cir. 2003)), and they only assert this claim for preservation. (R. 29 at 6.) Because the plaintiffs do not claim that the initial seizure of their IDs was unreasonable, once properly dispossessed of their IDs, they cannot reinvoke the Fourth Amendment to regain it. *See Lee*, 330 F.3d at 466. This claim is dismissed.

Second, the plaintiffs' Due Process claims also fail. The Due Process Clause of the Fourteenth Amendment prohibits "the deprivation of life, liberty or property by the government without due process of law." *Rock River Health Care, LLC v. Eagleson*, 14 F.4th 768, 773 (7th Cir. 2021). Plaintiffs first assert a procedural due process claim, which requires "both adequate notice and an opportunity to be heard before the state may take property." *Conyers v. City of Chi.*, 10 F.4th 704, 712 (7th Cir. 2021). "Fair or adequate notice has two basic elements: content and delivery. If the notice is unclear, the fact that it was received will not make it adequate." *Robledo v. City of Chi.*, 444 F. Supp. 2d 895, 901 (N.D. Ill. 2006) (concluding that the plaintiffs stated a procedural due process claim because the notice they allegedly received was unclear).

The plaintiffs argue that the notice they received was inadequate because it was "false and misleading." (R. 29 at 9-10.) But the amended complaint does not contain any factual allegations describing how the notice was false or how it misled the plaintiffs. Moreover, these allegations are belied by the model "Shipment Donation/Designator Form" ("Exhibit 1") used by the Cook County Jail that the plaintiffs attached to their opposition brief which shows that the plaintiffs were clearly and accurately told how to recover their property. (R. 29-1 at 1.)[2] The form, provided to prisoners leaving for IDOC, gives the following disclosure:

> You are being shipped to the Illinois Department of Corrections or to another facility and cannot take any of the items above with you. You have two choices. You can donate the items or designate someone to pick them up . . . If the property is NOT picked up within 45 days of the date of this letter, it will be removed from storage and disposed of accordingly.

---

[2] Although a district court considering a motion to dismiss under Rule 12(b)(6) is ordinarily confined to the allegations of the complaint, the Court properly considers the plaintiffs' Exhibit 1 because it is central to the plaintiffs' claims. *Gagliano v. Cytrade Fin., LLC*, No. 09-4185, 2009 WL 3366975, at *2 (N.D. Ill. Oct. 16, 2009). Indeed, the plaintiff attached the notice to its opposition brief to show the facts it hopes to prove to support its procedural due process claim, (R. 29 at 5 n.3), which turns on the adequacy of the notice the plaintiffs allegedly received.

(*Id.*; R. 29 at 9.) Despite the plaintiffs' argument to the contrary, the above language does not inaccurately describe the Sheriff's policy. Instead, consistent with the plaintiffs' own allegations regarding the Sheriff's policy, the notice clearly conveys that the Sheriff would not send their IDs along with the plaintiffs when they were transferred from Cook County to IDOC.

The plaintiffs also cite *Gates v. City of Chicago*, 623 F.3d 389, 400 (7th Cir. 2010), in which the Seventh Circuit decided that a property release notice given to arrestees violated due process because it did not "adequately inform arrestees of the procedures to retrieve their money." There, following the instructions that the defendant provided would have been a "futile pursuit" for the arrestees in some instances because the property seized would not be available for immediate release, as the notice implied. *Id.* Here, however, the plaintiffs do not allege that sending an individual to collect their IDs within the time period designated in the notice would have been a futile exercise.

The plaintiffs further allege that the notice violates due process because the defendants are obliged to follow the Illinois Administrative Code, which provides that "[p]ersonal property allowed by the receiving facility shall be transferred with the detainee." 20 Ill. Admin. Code § 701.60(d)(4). Yet, even if the plaintiffs "may not have received the process Illinois directs . . . the Constitution does not require state and local governments to adhere to their procedural promises. Failure to implement state law violates that state law, not the Constitution; the remedy lies in state court." *C.L. for Urb. Believers v. City of Chi.*, 342 F.3d 752, 767 (7th Cir. 2003). Accordingly, there are no allegations distinguishing this case from *Conyers*, which held that "there is nothing unconstitutional about the City's decision to deem property abandoned" at the conclusion of the recovery period. 10 F.4th at 712. The plaintiffs have therefore failed to plausibly allege a procedural due process claim against the defendants.

The plaintiffs' substantive due process claim likewise fails. "While procedural due process assures fair procedure in the decision-making process, the substantive due process clause is concerned with the decision itself." *Universal Sec. Ins. Co. v. Koefoed*, 775 F. Supp. 240, 244 (N.D. Ill. 1991). "Substantive due process depends on the existence of a fundamental right, which means a right with deep roots in our history and traditions[.]" *Kelley-Lomax*, 49 F.4th at 1125. *Kelley-Lomax* held that there is no substantive due process claim absent allegations showing a historical tradition of the government "serv[ing] as [an] unpaid custodian of . . . goods for as long as it takes for [a detainee] (or his designee) to retrieve the items." *Id.* Here, the plaintiffs have likewise failed to allege a historical tradition of the government serving as an unpaid bailee for indefinite periods and so *Kelley-Lomax* forecloses this claim.

The plaintiffs argue that they do not allege that the government must hold onto their property for extended periods, only "that the Sheriff should respect their property rights by sending government-issued identification with any detainee being

3

transferred to the Illinois Department of Corrections." (R. 24 at 7-8.) Yet, as Judge Seeger explained in another case similarly challenging the Sheriff's policy, "[t]he Constitution did not require the Sheriff to ship the property to the IDOC, either. The Fourteenth Amendment requires notice and an opportunity for retrieval before destroying personal property. But the Constitution does not require transportation services, or free shipping." *Elizarri by Perez v. Sheriff of Cook Cnty.*, No. 17 CV 8120, 2023 WL 5348749, at *13 (N.D. Ill. Aug. 21, 2023). The plaintiffs fail to allege any facts that would make their case distinguishable from the plaintiffs in *Elizarri*.

Accordingly, even accepting that the Sheriff's failure to send the plaintiffs IDs when they were transferred violated Illinois law, there are no allegations supporting a substantive due process violation. Like in *Kelley-Lomax,* the plaintiffs' claims do not turn on how much time they were afforded to retrieve their items. The plaintiffs only challenge the Sheriff's initial violation of state law as the basis for establishing a violation of the Constitution. (*See* R. 19 ¶¶ 8-9; R. 24 at 7-8.) But again, a violation of state law does not equal a violation of the Constitution. *C.L. for Urb. Believers*, 342 F.3d at 767. Because the plaintiffs' allegations are otherwise indistinguishable from those presented in *Kelley-Lomax*, the plaintiffs have failed to plausibly allege a substantive due process violation.

Finally, the plaintiffs' Fifth Amendment Takings Clause claim is foreclosed by *Conyers*, in which the Seventh Circuit also rejected a Fifth Amendment challenge to a similar prison policy. In *Conyers*, the Seventh Circuit acknowledged that its Fifth Amendment analysis was "to a degree, intertwined with the adequacy of the notice," the plaintiffs had received. 10 F.4th at 712. Specifically, the plaintiffs had received notice that their property would be destroyed if unclaimed during the thirty-day recovery period. *Id.* This notice "entitle[d] the City to treat as abandoned any property that remain[ed] unclaimed after 30 days [had] gone by." *Id.* Here, too, the plaintiffs have not alleged facts to support an inference that their property was not properly considered as abandoned. Exhibit 1 shows that they were told exactly how to retrieve their property, but did not do so. Accordingly, the plaintiffs have not alleged any facts distinguishing this case from *Conyers*; the plaintiffs' Fifth Amendment claim fails to state a claim for which relief may be granted.

For the foregoing reasons, the defendants' motion to dismiss is granted.

Date: 1/3/2024

JEREMY C. DANIEL
United States District Judge

4